IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORIS BARBER, | ) | |
|          Plaintiff, | ) | |
| | ) | Civil Action No. 06-1713 |
| v. | ) | |
| | ) | |
| THE PENNSYLVANIA STATE POLICE, | ) | Judge Lancaster |
| COL. JEFFREY B. MILLER, | ) | Magistrate Judge Lenihan |
| and TPR. DOUGLAS R. MAXWELL | ) | |
|          Defendants. | ) | Re: Doc. No. 7 |

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss at Doc. No. 7 as it relates to the Pennsylvania State Police be granted. It is also recommended that the Motion to Dismiss at Doc. No. 7 as it relates to Defendant Miller be denied.

II.    REPORT

    A.    Relevant Facts

Plaintiff, Doris Barber ("Plaintiff" or "Barber") brings this action against Defendants The Pennsylvania State Police ("PSP"), Col. Jeffrey B. Miller ("Miller"), and Tpr. Douglas R. Maxwell ("Maxwell") (collectively "Defendants"), pursuant to 42 U.S.C. § 1983 alleging injuries incurred as a result of alleged excessive force. Specifically, Paragraph 11 of the Complaint states that according to an Incident Report, "Ms Barber was arrested and /or taken into custody by Trooper Maxwell for Driving while Under the Influence of alcohol (DUI). She was transported to United Community Hospital in Grove City, Pennsylvania to have a blood alcohol test performed." (Complaint ¶ 11.) Plaintiff avers that "[w]hile still in the hospital parking lot,

prior to entering the hospital," she refused to submit to the blood testing. (Complaint ¶ 12.) It was while waiting for the phlebotomist and still refusing to submit to the test, that Plaintiff avers Maxwell "compelled her to sit in a chair in ER treatment room #1 . . ." (Complaint ¶ 13), "violently shoved her down into a seated position" when she arose from the chair requesting that Maxwell transport her to jail, (Complaint ¶ 15), and struck her in the face with his fist and pushed her to the floor. (Complaint ¶ 16.)

The one-count Complaint attempts to make out a claim pursuant to § 1983 against all Defendants. Specifically, as to Defendant Miller, Plaintiff attempts to make out a claim for failure to train and failure to supervise Trooper Maxwell.

As to The Pennsylvania State Police, Plaintiff alleges that it acted "by and through its employees and officials, pursuant to governmental custom, practice and policy which was so permanent and well-settled that it constituted practice and policy which had the force of law, . . . ." (Complaint ¶ 30.)

B.   Legal Standard

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need

not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

      C.    Legal Analysis

          1.    The Pennsylvania State Police

In the Partial Motion to Dismiss, Defendant PSP argues that it is an agency of the State and not a "person" for purposes of § section 1983 liability citing Will v. Michigan, 491 U.S. 58,71 (1989) (the State, or an official of the State while acting in his or her official capacity is not a "person" for purposes of § 1983). Plaintiff attempts to somehow distinguish Will using the principles articulated by the United States Supreme Court in Monell v. Depart't of Soc. Servs., 436 U.S. 658 (1978), and its progeny. Yet, the Court in Will specifically indicated that its holding in Monell "is fully consistent with" its reasoning in Will in that "municipalities no longer retained the sovereign immunity they had previous shared with the States" by the time of § 1983's enactment. 491 U.S. at 67 n.7 (discussing Owen v. City of Independence, 445 U.S. 622 (1980). Therefore the holding in Monell, that municipalities are persons for purposes of § 1983

is consistent with the holding in Will that States are not. Will, 491 U.S. at 70. The Court in Will, citing Monell, noted that States are protected by the Eleventh Amendment while municipalities are not, and that it therefore limited its holding in Monell "to local government units which are not considered part of the State for Eleventh Amendment purposes." Will, 491 U.S. at 70 (discussing and quoting Monell, 436 U.S. at 690 n.54). In fact, so as not to "cast any doubt on Monell," the Court in Will clarified its holding as applying to "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Will, 491 U.S. at 70 (citing Mt. Healthy Bd. Of Ed. v. Doyle, 429 U.S. 274, 280 (1977)). The Pennsylvania State Police is considered an "arm of the State" for Eleventh Amendment purposes. Dyche v. Bonney, 2005 WL 3118034, at *3 (M.D. Pa. 2005); L.H. ex rel G.H. v. Evanko, 2001 WL 605214, at *3-4 (E.D. Pa. 2001); Altieri v. Pennsylvania State Police, 2000 WL 427272, at *5 (E.D. Pa. 2000).

In addition, the Court in Will further noted that a claim against a state official in his or her official capacity "is no different from a suit against the State itself." 491 U.S. at 71 (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Monell, 436 U.S. at 690 n. 55). Consequently, Plaintiff's reliance on Monell and its progeny is misplaced and all claims against the Pennsylvania State Police and Defendants Maxwell and Miller in their official capacities should be dismissed.

    2.    Defendant Col. Jeffrey B. Miller

Conversely, Plaintiff has stated a claim against Defendant Miller for failure to supervise, and failure to train, pursuant to § 1983.

With regard to supervisory liability, the Court of Appeals for the Third Circuit set forth the standard for imposing liability against a supervisor under § 1983 in <u>Sample v. Diecks</u>, 885 F.2d 1099 (3d Cir. 1989). Relying on the precepts set forth by the United States Supreme Court in <u>City of Canton v. Harris</u>, 489 U.S. 378 (1989), the <u>Sample</u> court noted that

"a 'person' is not the 'moving force [behind] the constitutional violation' of a subordinate, unless that 'person'–whether a natural one or a municipality–has exhibited deliberate indifference to the plight of the person deprived." <u>Sample</u>, 885 F.2d at 1117-18. The Court continued that in order to establish supervisory liability, the plaintiff must identify a specific supervisory practice or procedure that the defendant failed to employ, that the existing custom or practice without that specific practice or procedure created an unreasonable risk of harm, that defendant was aware that this unreasonable risk existed, that defendant was indifferent to that risk, and that plaintiff's harm resulted from defendant's failure to employ that supervisory practice or procedure. 885 F.2d at 1118. As to causation, the <u>Sample</u> court concluded as follows:

> On remand, the district court should bear in mind that under the teachings of <u>City of Canton</u> it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did. The district court must insist that [plaintiff] identify specifically what it is that [defendant] failed to do that evidences his deliberate indifference. Only in the context of a specific defalcation on the part of the supervisory official can the court assess whether the official's conduct evidenced deliberate indifference and whether there is a close causal relationship between the "identified deficiency" and the "ultimate injury."

<u>Sample</u>, 885 F.2d at 1118.

To establish liability on a failure to train theory, Plaintiff must set forth specific allegations that the need for more or different training was so obvious and so likely to lead to the

violation of constitutional rights that the policymaker's failure to respond amounts to deliberate indifference.  Brown v. Muhlenberg Township, 269 F.3d 205, 216 (3d Cir. 2001) (citing City of Canton, 489 U.S. at 390).

        Here, Plaintiff has sufficiently pled failure to train, and failure to supervise claims against Defendant Miller.  First, Plaintiff alleges that Defendant Miller was "the Commissioner of the Pennsylvania State Police, and was responsible for the safe and proficient supervision and protection of individuals who are the subject of investigation, taken into custody and/or arrested." (Complaint ¶ 4.)  Plaintiff further avers that prior to the events that are the subject of the Complaint, officers other than Maxwell "on numerous occasions used excessive physical force on individuals . . .. Numerous legal claims were brought against the Pennsylvania State Police for this conduct prior to the events detailed within this Complaint.  (Complaint ¶ 10.)  In addition, Plaintiff alleges that "Defendants occupy positions of responsibility, knew or should have know of the aforementioned problems and misconduct of the Pennsylvania State Police, the risk of danger of violence, injury and harm posed, and failed to act to prevent harm to individuals who are the subject of an investigation, taken into custody and/or arrested, such as the Plaintiff. This deliberate indifference and gross negligence resulted in violations of the Civil Rights of the Plaintiff . . .."  (Complaint ¶ 28.)

        Plaintiff further states that "Miller failed to adequately train Trooper Maxwell and other troopers regarding the use of excessive force . . ." (Complaint ¶ 26) and "failed to adequately supervise Trooper Maxwell , and failed to provide and maintain safe and adequate protection of individuals who are the subject of an investigation, taken into custody and/or arrested, such that Plaintiff's jaw was broken by Trooper Maxwell."  (Complaint ¶ 27.)

Accepting as true all allegations made in the complaint and all reasonable inferences that can be drawn therefrom, and viewing them in the light most favorable to the Plaintiff, Plaintiff has alleged that, prior to the facts at bar, other troopers of the PSP on numerous occasions used excessive force that resulted in numerous legal claims being filed against it. These other legal claims should have placed Miller on notice of the alleged problem regarding the use of excessive force within the PSP and alerted him to the need for more training and/or supervision to correct the alleged problems. Miller's alleged failure to respond with more supervision or additional training could have been construed by Troopers at PSP, including Maxwell, as acquiescence in the alleged excessive force practices allegedly employed by PSP Troopers.

III.     CONCLUSION

For the reasons discussed above, it is respectfully recommended that the Motion to Dismiss at Doc. No. 7 as it relates to the Pennsylvania State Police be granted. It is also recommended that the Motion to Dismiss at Doc. No. 7 as it relates to Defendant Miller be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10)

days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

s/ Lisa Pupo Lenihan<br>
LISA PUPO LENIHAN<br>
United States Magistrate Judge

Dated: June 25, 2007

cc: The Honorable Gary L. Lancaster
    United States District Court Judge

   All Counsel of Record